**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

JOSEPH WILLIAM GREEN,

        Plaintiff,

        v.

MCINTOSH COUNTY EMS,

        Defendant.

CIVIL ACTION NO.: 2:15-cv-113

## <u>ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>

Plaintiff filed the above captioned action on August 6, 2015. (Doc. 1.) In the more than nine months from this date, Plaintiff has failed to serve Defendant with the Complaint, and has not taken any action to prosecute this case. Consequently, I **RECOMMEND** that the Court **DISMISS** this case **WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff, proceeding pro se, filed this action against McIntosh County EMS on August 6, 2015. (Doc. 1.) By Order dated March 25, 2015, the Court gave Plaintiff twenty-one (21) days to show cause as to why service was not timely made upon Defendant. (Doc. 4.) Plaintiff was advised that his failure to comply with that Order would result in the dismissal of his claims. <u>Id.</u> Plaintiff has failed to respond to the March 25, 2015, Order. Indeed, in the ten months that this case has been pending, Plaintiff has not taken any action to prosecute his claims.

## DISCUSSION

Federal Rule of Civil Procedure 4(m) provides,

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made

> within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

With the Court having provided notice to Plaintiff and with Plaintiff not providing any cause for his failure to serve Defendant, the Court must **DISMISS** Plaintiff's action.

In addition to providing for dismissal for failure to serve, the Federal Rules of Civil Procedure also authorize the Court to dismiss claims for failure to prosecute. Specifically, Rule 41(b) "authorizes a district court to dismiss a complaint for failure to prosecute or failure to comply with a court order or the federal rules." Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is warranted "where there is a clear record of 'willful' contempt and an implicit or explicit finding that lesser sanctions would not suffice." Id.

Furthermore, this Court possesses inherent power to sanction errant and dilatory litigants. See Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002) ("Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions."). These inherent powers include the power to dismiss an action for failure to prosecute. See In re Mroz, 65 F.3d 1567, 1575 n.9 (11th Cir. 1995); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits."). "The decision to dismiss for want of prosecution lies within the trial court's discretion and can be reversed only for an abuse of discretion." McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986).

Notwithstanding the availability of such a sanction, dismissal of an action for failure to prosecute should only be employed when lesser sanctions would be inappropriate, and "only in the face of a clear record of delay or contumacious conduct by the plaintiff." Id. (quoting Martin-Trigona v. Morris, 627 F.2d 680, 682 (5th Cir. 1980)). Contumacious conduct

warranting dismissal for failure to prosecute includes "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4-5 (1st Cir. 2002). Pertinent to the case at hand, the Court may dismiss a case for failure to prosecute when a plaintiff fails to respond to motions and Court orders. See Vega-Encarnacion v. Babilonia, 344 F.3d 37, 40 (1st Cir. 2003) (recognizing that failure to respond to motion renders party susceptible to involuntary dismissal for failure to prosecute); Jones v. Graham, 709 F.2d 1457, 1462 (11th Cir. 1983) (affirming dismissal for failure to prosecute where plaintiff disregarded court orders directing him to respond within a certain time).

Under the circumstances presented in this case, the only appropriate sanction is **DISMISSAL WITHOUT PREJUDICE** of Plaintiff's suit. The Court has provided sufficient notice to Plaintiff of his obligation to serve Defendant. However, Plaintiff has not fulfilled that obligation or taken any other action to prosecute this case.

## CONCLUSION

For the reasons stated above, I **RECOMMEND** that the Court **DISMISS** all claims in this action for failure to serve and failure to prosecute.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of the docket sheet in this case as well as a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of June, 2016.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA